IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORELLE BRANDS, LLC (f/k/a World Kitchen, LLC), CORELLE BRANDS HOLDINGS, INC. (f/k/a WK Acquisition Holdings, Inc.),<br><br>Plaintiffs,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 1:18-cv-08474<br><br>Hon. Charles R. Norgle, Sr. |

## JOINT INITIAL STATUS REPORT

On September 6, 2019, Plaintiffs Corelle Brands, LLC (f/k/a World Kitchen, LLC) and Corelle Brands Holdings, Inc. (f/k/a WK Acquisition Holdings, Inc.) (collectively, "Plaintiffs" or "Corelle") and Defendant Twin City Fire Insurance Company ("Twin City" or "Defendant" and, with Corelle, the "Parties"), through their respective counsel, met and conferred telephonically pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1. Following that teleconference and subsequent discussions between counsel, the Parties respectfully submit the following Joint Initial Status Report and accompanying Proposed Case Management Order:

**I.     The Nature of the Case**

   A.     Factual Background

This dispute relates to Plaintiffs' claim for insurance coverage in connection with two class action lawsuits: (1) *Tricia Fullerton, et al. v. Corelle Brands, LLC, et al.*, No. 1:18-cv-4152 (N.D. Ill.), filed on June 14, 2018 (the "*Fullerton* Action"), and (2) *Marcia Schutte v. Corelle Brands Holdings, Inc., et al.*, No. 1:18-cv-04198 (N.D. Ill.), filed on June 15, 2018 (the "*Schutte* Action"). The *Fullerton* and *Schutte* Actions were consolidated (the "Underlying

Action") and, on September 6, 2018, the underlying plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint"). The Underlying Action concerns Corelle's manufacture, distribution, and sale of Pyrex glassware consumer products. In short, the Complaint alleges that, due to an alleged change in formulation by Corelle (from manufacturing with borosilicate glass to soda lime glass), Pyrex glassware may break when it is exposed to a sudden change in temperature. The Complaint in the Underlying Action seeks to have seven different classes certified, and asserts twenty-four causes of action against Corelle for various forms of relief.

On October 9, 2018, Corelle moved to dismiss the Underlying Action, and that motion was fully submitted on December 6, 2018. Corelle submitted supplemental authority on July 12, 2019. A decision on the motion to dismiss is pending.

At issue in this case are a series of comprehensive general liability ("CGL") insurance policies ("CGL Policies") that Twin City sold to Plaintiffs. Each of the CGL Policies has a "per occurrence" limit of liability of $750,000, and aggregate limit of $1,750,000, subject to a self-insured retention ("SIR") of $250,000 per occurrence. Subject to its terms and conditions, each of the CGL Policies provides coverage for amounts an insured becomes legally obligated to pay as damages for "bodily injury"[1] or "property damage," which is caused by an "occurrence," and further provides for the payment of "claim expenses" in excess of the applicable SIR(s) and as provided in the CGL Policies' Supplemental Payments provision[2] in connection with claims.

Plaintiffs notified Twin City of the *Fullerton* and *Schutte* Actions after they were filed and, on September 10, 2018, provided notice of the new consolidated Complaint filed in the

---

[1] Terms contained in quotations are specifically defined in the CGL Policies.

[2] As modified by "Amendment of Provisions – Our Payment of Claim Expenses when Self-Insured Retention is Exhausted."

2

Underlying Action. Twin City responded in kind, issuing three successive letters dated July 25, 2018 (*Fullerton*), August 23, 2018 (*Schutte*), December 17, 2018 (Underlying Action). In the letters, Twin City, *inter alia*, acknowledged Plaintiffs' notice of the lawsuits and, among other things, stated that if and when the "applicable SIR's are exhausted, Twin City will provide a defense." Twin City also reserved its rights in the letter to limit or deny coverage for the Underlying Actions on various grounds.

Plaintiffs submitted its defense costs invoices to Twin City for reimbursement. However, in November and December 2018, disputes arose between Plaintiffs and Twin City regarding the number of SIRs that needed to be satisfied before Twin City's coverage obligations[3] (if any) attached for the Underlying Action, and the reasonableness of the defense costs and fees that Plaintiffs were incurring in connection with the Underlying Action. The Parties were unsuccessful in resolving these disputes, and Plaintiffs filed this lawsuit on December 26, 2018.

Plaintiffs' complaint alleges causes of action for: (1) declaratory relief; (2) breach of contract; and (3) bad faith in violation of Illinois Insurance Code § 155. On February 18, 2019, Twin City answered Plaintiffs' complaint and asserted thirty-four affirmative defenses denying Plaintiffs' claims.

After Twin City filed its Answer, the Parties engaged in several rounds of settlement negotiations in an attempt to resolve this dispute, in part or in whole. These efforts, to date, have been unsuccessful.

B.  Attorneys of Record

**Attorneys for Plaintiffs:**

Robin L. Cohen
Marc T. Ladd
McKool Smith, P.C.

**Attorneys for Defendant:**

Dena Economou
Joseph J. Sarmiento

---

[3] Subject to the terms, conditions, exclusions, limitations, and definitions of the CGL Policies.

One Bryant Park
47th Floor
New York City, NY 10036
(212) 402-9400
rcohen@mckoolsmith.com
mladd@mckoolsmith.com

Karbal, Cohen, Economou, Silk & Dunne, LLC
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
(312)431-3700
deconomou@karballaw.com
jsarmiento@karballaw.com

David M. Kroeger
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
dkroeger@jenner.com

  C. Basis for Federal Jurisdiction

This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

  D. Nature of Claims

Plaintiffs assert causes of action for: (1) declaratory relief; (2) breach of contract; and (3) bad faith pursuant to § 155 of the Illinois Insurance Code. Twin City has affirmatively pled facts and legal defenses supporting its position that it has no current obligations under the CGL Policies with respect to the Underlying Action, that Twin City is not in breach of the CGL Policies, and that Plaintiffs are not entitled to any damages or remedy under Section 155 of the Illinois Insurance Code.

  E. Major Legal Issues

Corelle contends that this case raises the following major legal issues:

    1. The number of SIRs Plaintiffs must satisfy before Twin City's coverage obligations, including its obligation to pay Plaintiffs' "claim expenses," arises;

4

    2.    The number of "occurrences" at issue in the Underlying Action;

    3.    Whether Twin City may refuse to pay the billing rates of Corelle's defense counsel in the Underlying Action well after consenting to retention of the defense counsel;

    4.    Whether Twin City can exercise any right to choose defense counsel where it is reserving its rights to deny coverage;

    5.    Whether and, if so, to what extent Twin City may challenge the presumptive reasonableness of Corelle's "claim expenses" under either the CGL Policies and/or *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069 (7th Cir. 2004) and analogous case law.

Including #s 1 and 2 above (but not including #s 3-5), Twin City contends that this case raises the following major legal issues:[4]

    6.    Whether the SIRs in any one or more of the CGL Policies have been fully and properly eroded pursuant to the applicable terms of the CGL Policies which includes, among other things, the question of whether the fees, costs and expenses incurred in defending the Underlying Action were reasonable and necessary to the defense thereof;

    7.    Whether Twin City can exercise its right to choose defense counsel, as explicitly provided for in the CGL Policies.

    F.    <u>Major Factual Issues</u>

Twin City contends that this case raises the following major factual issue:

    1.    Whether the SIRs in any one or more of the CGL Policies have been fully and properly eroded pursuant to the applicable terms of the CGL Policies which includes, among other things, the question of whether the fees, costs and expenses incurred in defending the Underlying Action were reasonable and necessary to the defense thereof.

Corelle contends that this case raises the following major factual issue:

    2.    Whether Twin City's handling of Plaintiffs' claim for coverage in connection with the Underlying Action was in violation of § 155 of the Illinois Insurance Code.

    G.    <u>Relief Sought</u>

---

[4] The outline of Major Legal Issues set forth herein is a merely a high-level overview of the issues *currently* in dispute and, as such, is not meant to encompass every major issue that may be in dispute between these parties.

Plaintiffs seek a declaratory judgment, breach of contract damages in an amount to be determined at trial (but not less than $75,000), pre- and post-judgment interest, attorneys' fees, costs, any extra-contractual or other relief under Section 155, and any further relief the Court deems just and proper.

**II.** **Motions and Proposed Case Management Plan**

    A.    Motions

        1.    Pending Motions: There are no pending motions.

        2.    Early Dispositive Motion Practice: Corelle asserts that, at a minimum, "Major Legal Issues" #s 1 and 2 (and likely 3-5 as well) above are purely issues of law that are ripe for pre-discovery, summary judgment motion practice. Corelle believes that resolving these issues on early summary judgment would be an efficient way of narrowing the case for which discovery must be conducted and will go a long way toward resolving the entire dispute.

            Twin City agrees that "Major Legal Issues" #'s 1, 2, and 7 involve questions of law that could likely be resolved on summary judgment. Twin City believes that "Major Legal Issue" # 6 requires expert testimony and involves questions of fact for the jury to decide.

Plaintiffs propose the following briefing schedule for these issues on summary judgment:

| EVENT | DEADLINE |
|---|---|
| Filing of Parties' Cross-Opening Briefs | January 17, 2020 |
| Filing of Parties' Cross-Opposition Briefs | February 14, 2020 |

6

B.  Proposed Discovery and Case Management Plan

1.  Discovery Sought: Rule 26(a) initial disclosures, interrogatories, document requests, requests to admit, fact witness depositions.

    Twin City also contends that expert discovery and expert witness depositions are needed. Corelle does not believe that expert discovery on the reasonableness of "claim expenses" is appropriate under the law.

2.  Number of interrogatories: 25.

3.  Number of depositions by each party: 8.

4.  E-Discovery: The Parties anticipate that discovery in this matter will encompass electronically-stored information. The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable electronically-stored information ("ESI") within their possession, custody, or control. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties will timely meet and confer in an attempt to agree on a protocol to govern the exchange of ESI.

5.  Case Management Schedule.

The Parties have agreed to complete the following matters by the corresponding dates, which are reflected in the attached Proposed Case Management Order:

| EVENT | DEADLINE |
|---|---|
| Initial Rule 26(a)(1) Disclosures | September 30, 2019 |
| Submit Proposed Confidentiality Order | October 4, 2019 |
| Written Interrogatories and Requests for Production | November 1, 2019, with Objections, Answers, and Responses due December 6, 2019 |
| Motion to Amend or Add Parties | November 1, 2019 |
| Document Production | December 20, 2019 |
| Close of Fact Discovery | February 28, 2020 |
| Affirmative Expert Reports (if any) | March 20, 2020 |

| Rebuttal Expert Reports (if any) | April 17, 2020 |
|---|---|
| Close of Expert Discovery (if any) | May 29, 2020 |
| Dispositive Motion Practice | June 19, 2020 |
| Final Pretrial Conference | August 3, 2020 |

**III.    Trial**

The Parties estimate this case will be ready for trial by October 5, 2020.  The Parties estimate that the trial will last approximately 5 days.  A jury trial has been demanded.

**IV.    Consent to Proceed Before a Magistrate Judge**

The Parties request a referral to a Magistrate Judge to oversee all discovery matters.

**V.    Status of Settlement Discussions**

The Parties have engaged in several rounds of negotiations in an attempt to settle this dispute in part or in whole.  The Parties, however, have reached an impasse and are unable to reach an agreement.  At this time, the Parties do not request a settlement conference.

Dated:        September 23, 2019

By:   */s/ David M. Kroeger*

  David M. Kroeger
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Tel: (312) 923-2861
Fax: (312) 527-0484
dkroeger@jenner.com

Robin L. Cohen (admitted *pro hac vice*)
Marc Ladd (admitted *pro hac vice*)
MCKOOL SMITH PC
One Bryant Park, 47th Floor
New York, New York, 10036
Tel: (212) 402-9400

By:   */s/ Dena Economou*

Dena Economou
Joseph J. Sarmiento
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
150 S. Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 431-3700
deconomou@karballaw.com
jsarmiento@karballaw.com

*Attorneys for Defendant Twin City Fire Insurance Company*

Fax: (212) 402-9444
rcohen@mckoolsmith.com
mladd@mckoolsmith.com

*Attorneys for Plaintiffs Corelle Brands,
LLC and Corelle Brands Holdings, Inc.*